**KALAH A. PAISLEY**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. N., Suite 300**
**Great Falls, MT  59401**
**Phone:     (406) 761-7715**
**Fax:         (406) 453-9973**
**E-mail:    kalah.paisley@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **EDUARDO LUIS DIAZ,** Defendant. | CR 20-56-M-DWM **UNITED STATES' SENTENCING MEMO** |

The United States of America, by and through Kalah A. Paisley, Assistant U.S. Attorney for the District of Montana, provides the Court with a memorandum in aid of sentencing the defendant.

## INTRODUCTION

The defendant pleaded guilty to the crime of Sexual Abuse, in violation of

1

18 U.S.C. § 2242(2)(B). Pursuant to a plea agreement, in exchange for a plea of guilty to this charge, the government agrees to dismiss Count I of the indictment which alleges Aggravated Sexual Abuse, in violation of 18 U.S.C. 2241(a). PSR ¶ 6. The Presentence Investigation Report (PSR) has calculated the defendant's total offense level as 29 and his criminal history category as I, which results in an advisory guideline range of 87 to 108 months of imprisonment. PSR ¶ 69.

The government did not object to this guideline calculation at the time of the draft PSR, but for the reasons stated below, the government no longer believes the defendant is entitled to acceptance of responsibility points pursuant to USSG §3E.1.1(a). Pursuant to the plea agreement, the government was bound by paragraph 6 to recommend that the defendant's offense level be decreased by two levels for acceptance of responsibility, unless the defendant "is found to have…acted in any way inconsistent with acceptance of responsibility." (Doc. 28-1, 5-6 and PSR ¶ 7). Without a reduction for acceptance of responsibility the total offense level would be 32 with an advisory guideline range of 121 to 151 months.

The government requests the Court impose a custodial sentence at the low-end of the calculated guideline followed by five years of supervised release. No restitution is being sought in this case.

## GOVERNMENT OBJECTION TO THE PSR

Based on the defendant's letter, the government objects to any reduction in offense level for acceptance of responsibility. USSG §3E1.1(a) requires a **clear demonstration** of acceptance of responsibility for the offense (emphasis added). While the defendant did plead guilty to the offense, his subsequent written statement, provided to the PSR writer and the government on May 24, 2021, shows a lack of remorse for his conduct or even a basic understanding of his own criminal culpability.

By addressing the court directly in a written statement, the defendant had an opportunity to demonstrate his contrition and to show the court that he clearly accepted responsibility for the crime he committed against this victim. Instead of doing that he minimized his criminal conduct, made the completely unfounded claim that he too was too intoxicated to consent to a sexual act, and paints himself as the victim by focusing almost exclusively on how this "situation" will disrupt his life.

While his two-page letter is replete with examples of Diaz's minimization, denial of responsibility, and alleged victimization, the opening paragraph alone illustrates all three thinking-errors:

- "Although I thought I was doing everything right, I accept that wasn't the case in this situation." Minimization of criminal conduct.

- "Neither of us were in the right mind to consent to one another due to us both being drunk." False narrative regarding his own intoxication.
- "This situation has deeply hurt me and has had various repercussions in my life." Both minimization and victimization.

Throughout the two-page letter, Diaz focuses almost exclusively on himself and how this "situation" has affected him: losing friends, the effect on his mother, the likely impact on his goal to become a head chef. He barely mentions the victim, let alone acknowledges the impact his crime will have on her. Rather, he states that if given the opportunity to do so, he would tell her he thought it was consensual – seemingly denying his criminal culpability.

A plea of guilty does not entitle a defendant to this adjustment as a matter of right. USSG §3E1.1, note 3. A defendant must show genuine contrition to warrant this reduction. See, *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017) and *United States v. Martinez-Martinez*, 369 F.3d 1076 (9th Cir. 2004). The statements and the defendant's attitude throughout the letter are clearly inconsistent with acceptance of responsibility and he does not warrant a reduction.

Given the lack of contrition in Diaz's statement to the Court, and the remarkable paucity of understanding the current and future impact of his conduct on the victim, the application of a reduction in levels for acceptance of

4

responsibility does a disservice to every defendant who does demonstrate true remorse and genuine regret over his or her crimes.

Though only a starting point, the correct calculation of the advisory guideline is the first step along the sentencing path. And that important first step loses meaning in cases where points are mechanically applied. Notwithstanding Diaz's plea of guilty, his letter is riddled with qualifications, excuses, and expressions of self-pity, illustrative of an attitude that portends poorly for his future rehabilitative prospects and, more importantly, downplays the significant consequences of his behavior in the life of his victim.

Whatever other factors enter into the Court's calculus of what constitutes a reasonable sentence in this case, at this time, Diaz has acted in a manner inconsistent with acceptance of responsibility and should not receive the benefit of the reductions under USSG §3E1.1(a) and (b).

## DEFENDANT OBJECTION TO THE PSR

The defendant maintains one objection to the PSR –the application of the vulnerable victim adjustment under USSG § 3A1.1(b)(1). Relying on application note 2 in the commentary to § 3A1.1, the defendant makes a double-counting argument that the enhancement does not apply because it is incorporated into the conduct of the offense of conviction. This appears to be a misreading of the third paragraph of the application note, which states in full, "Do not apply subsection (b)

if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age."

Here the guideline for sexual abuse does not take into consideration the vulnerability of the victim as envisioned in the example involving age. While the incapacitation of the victim is an element of the specific subsection of sexual abuse, it is not taken into consideration in the applicable guideline under USSG § 2A3.1, either in the base offense level or in the specific offense conduct, and therefore, should not be precluded under application note 2.

Diaz argues that because an element of the offense of conviction requires the physical incapacity, the application of the enhancement is impermissible double-counting. While it does not appear the Ninth Circuit has addressed this specific circumstance, at least one Circuit has. In *United States v. Schoenborn*, the Eighth Circuit held that the vulnerable victim enhancement was properly applied in a factually similar sexual abuse conviction under 18 U.S.C. § 2242(2)(B). *United States v. Schoenborn*, 793 F.3d 964 (8th Cir. 2015).

In *Schoeborn*, the Court distinguished between the conduct being an element required for conviction and being considered in the guideline calculation. It held, "In this case the applicable statute does include, as an element, the incapacity of

the victim – here, incapacity due to extreme intoxication. But the Guideline provision used to calculate Schoenborn's base offense level does not. Instead, § 2A3.1 applies to all sexual abuse offenses under 18 U.S.C. §§ 2241 and 2242." *Shoenborn*, at 967.

Directly addressing the defendant's objection here based on the commentary precluding the application of the enhancement when the factor that makes the person vulnerable is incorporated in the guideline, the Court continued, "As the victim's vulnerability in this case was not accounted for in either the base offense level or a specific offense characteristic, we conclude the enhancement was appropriately applied." *Id.* at 967. For the same reasons identified by the Eighth Circuit, the government believes this enhancement is applicable in this case.

## SENTENCING RECOMMENDATION

There are general factors that district courts must take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

> (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"
>
> (2) "the need for the sentence imposed" to serve purposes of the criminal laws;
>
> (3) "the kinds of sentences available;"

7

>(4) "the kinds of sentences and the sentencing range" established by the guidelines;
>
>(5) "any pertinent policy statement" issued by the Commission;
>
>(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and
>
>(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Several of the § 3553(a) factors warrant a guideline sentence in this case including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of our criminal laws. Those purposes include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and to provide needed training, treatment, and care to the defendant.

### A. Nature and Circumstances of the Offense/Defendant's History and Characteristics

The defendant was a seasonal employee at Lake McDonald Lodge in Glacier National Park where many of the seasonal employees are college-aged young adults who live in provided housing near the Lodge. Similar to university dorms or enlisted barracks, the employee housing at the Park occasionally hosted alcohol-infused parties, attended by those under the age of majority. It was at one of these

parties that Diaz chose his victim. He preyed on a younger female who was so intoxicated, he had to help carry her to her room where she went to bed. PSR ¶ 12.

While the defendant does not have any criminal history, the circumstances of this crime demonstrate the predatory nature of the defendant's criminology. Sexual abuse of an incapacitated victim is a crime of opportunity but requires that the defendant first place himself in a position to take that opportunity. As an adult, he chose to attend a party with underage employees and then offered to help one of those heavily intoxicated females to bed where he then assaulted her. PSR ¶ 17.

This was an intentional and predatory act and demonstrates the need for any sentence to provide just punishment and protect the public.

    **B.    Need for sentence imposed to serve the purpose of the criminal laws**

        **1.    Seriousness of Offense**

Sex offenses are serious and have lasting impacts not only on the victims, but the community in which the offenses occur. The defendant's deflection and minimization continue to feed a narrative that this kind of criminal conduct is acceptable, essentially reinforcing the old standby excuse of "boys will be boys." But sexual assault is not just a "mistake" as Diaz would frame it, but rather an insidious cancer infecting our culture.

A sentence should reflect the seriousness of this offense and its impact on the community.

### 2.     Promote respect for the law

It is clear Diaz has limited respect for the law. A custodial sentence would promote respect for the law.

### 3.     Provide just punishment

As explained above, Diaz's criminal conduct was extremely serious. The effect of his predatory behavior on this victim will likely be long-lasting. A guideline custodial sentence will provide just punishment for the offense.

### 4.     Afford adequate deterrence

The frequency of alcohol related sexual assaults within young-adult cultures (whether college campuses, military housing, or seasonal employee housing in National Parks) is alarming. This conduct is serious, and a sentence of significant custodial time serves to deter the public from engaging in this conduct. A sentence must also serve to deter other members of the community from engaging in similar conduct. Young people working in our National Parks must know that they will be protected from sexual abuse and that predators will be held accountable.

### 5.     Protect the public

Any sentence imposed by this Court must also protect the public from further criminal conduct by Diaz. Sexual abuse of a such a young vulnerable victim shows that untreated, Diaz presents a danger to the community. A sentence of imprisonment within the advisory guideline range will protect the public.

### 6. Provide training, treatment, and care to defendant

Finally, it is clear from Diaz's letter to the court that he is not even at the beginning stages of understanding his criminality and being rehabilitated as a sex offender. Empathy and self-reflection are not present in his statement of accountability. While in prison, Diaz will hopefully be able to begin sex offender treatment and perhaps set himself up for a successful reintegration upon release.

### C. Guidelines Range

As is argued above, based on the defendant's letter, the government believes the guideline range should be calculated at 121 to 151 months given Diaz's inability to show true contrition and accept responsibility for his crime. If the defendant changes his tune and is able to make a clear demonstration of acceptance of responsibility between now and sentencing, the government would recommend the offense level be reduced and the guideline calculated at 87 to 108 months.

The government believes that a custodial sentence at the low-end of the guideline followed by a five-year term of supervised release adequately addresses all of the § 3553(a) factors and is sufficient, but not greater than necessary.

DATED this 27th day of May, 2021.

LEIF M. JOHNSON
Acting United States Attorney

*/s/ Kalah A. Paisley*
KALAH A. PAISLEY
Assistant U.S. Attorney