ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-56-M-DWM |
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| EDUARDO LUIS DIAZ, | |
| Defendant. | |

EDUARDO LUIS DIAZ comes before this Court for sentencing on a single count of sexual abuse, in violation of 18 U.S.C. § 2242(2)(B). The offense carries a maximum penalty of life imprisonment. The Presentence Report ("PSR") calculates a Guidelines sentencing range of 87-to-108 months. (Total Offense Level 29, Criminal History Category I).

Mr. Diaz objects to application of the victim related adjustment pursuant to USSG § 3A1.1(b)(1). *See* PSR ¶ 26. He further argues that he has provided an independent basis in fact that satisfies each of the essential elements of the offense of conviction in addition to providing a letter demonstrating that he accepts responsibility for the offense. Mr. Diaz is entitled to the full benefit of the adjustment for acceptance of responsibility pursuant to USSG §§ 3E1.1(a) and (b).

Mr. Diaz files this memorandum in support of his request for a below-Guidelines sentence.

## ARGUMENT

**A.  The "vulnerable victim" enhancement does not apply because the factor that renders the victim in this case vulnerable is incorporated directly into the offense guideline and did not render the victim more vulnerable than the typical victim of the offense of conviction.**

1.  <u>Factor incorporated into offense guideline</u>.

Pursuant to USSG § 3A1.1(b), the offense level is increased by two levels if the defendant knew or should have known that the victim was vulnerable. Application Note 2 provides that the enhancement does not apply if the factor that makes the person a vulnerable victim is incorporated into the offense guideline.

The government misconstrues the defendant's objection. The threshold issue is that Mr. Diaz would not be subject to conviction for Sexual Abuse in violation of 18 U.S.C. § 2242(2)(B) *but for* the victim's intoxication. It is not a matter of double

Federal Defenders of Montana
125 Bank Street, Suite 710
Missoula, Montana 59802
(406) 721-6749

2

counting. It's a matter of being counted in the category of offenses that reference USSG § 2A3.1 in the first place.

The PSR bases the enhancement on "the victim's intoxication and inability to consent to sexual activity." PSR ¶ 26. The pattern instruction demonstrates that the second element of the offense requires proof beyond a reasonable doubt that:

> Second, [victim] was [incapable of appraising the nature of the conduct] [physically incapable of declining participation in, or communicating unwillingness to engage in that sexual act];

Ninth Circuit Model Criminal Jury Instruction 8.172, Sexual Abuse – Incapacity of Victim (18 U.S.C. § 2242(2)).

Thus, the second element of the offense of conviction directly incorporates into the Guidelines offense level the facts cited by the PSR and the government in support of the enhancement. At the change of plea hearing, Mr. Diaz admitted those facts in satisfaction of the second element of the § 2242(2) offense; the facts are indeed directly tethered to computation of the offense level under USSG § 2A3.1. Notably, the factual basis for the second element contained in the government's Offer of Proof (Doc. 30) is that the victim was "highly intoxicated" to the point of being "physically unable to walk." Her incapacitation forms the factual basis for criminal liability.

The Ninth Circuit has not addressed this issue. To the extent *United States v. Schoenborn*, 793 F.3d 964 (8th Cir. 2015) suggests otherwise, the holding is

unpersuasive and poorly reasoned. The Eighth Circuit hangs its analytical hat on the fact that all sexual abuse offenses under 18 U.S.C. §§ 2241 and 2242 refer to § 2A3.1 to calculate the base offense level. *Id*. at 967. Thus, the same base offense level of 30 would apply to a person convicted of sexual abuse for placing another in fear. *Id*.

Okay. But where, as here, the defendant is not in the universe of federal sexual abuse offenses absent facts demonstrating that the victim was incapacitated, the offense level is a function of those facts. The factor that potentially makes this victim vulnerable is incorporated directly into the offense guideline. Incapacitation is a condition precedent to criminal liability due to the second element. Otherwise there is no offense level at all.

2. <u>Victim not unusually vulnerable</u>.

Another way of phrasing the same concept is that this victim is not unusually vulnerable, which is required by USSG § 3A1.1(b). The USSG § 3A1.1(b) inquiry is relative; the instant victim is not unusually vulnerable in light of the factor – intoxication – that potentially renders her vulnerable. An unusually vulnerable victim is one who is "less able to resist than the typical victim of the offense of conviction." *United States v. Wetchie*, 207 F.3d 632, 634 (9th Cir. 2000). The Ninth Circuit in *Wetchie* noted that:

> The appropriateness of conceptualizing the vulnerable adjustment in terms of victims who are more vulnerable than the usual victims of the offense is confirmed by the rule that the adjustment should not apply when vulnerability is already reflected in the offense guideline.

*Id*. at 634, n. 4.

And as expressed in *Castaneda*, "[i]f the factor that makes the victim vulnerable is not "unusual" for victims of the offense, the § 3A1.1(b) enhancement is not permitted." *United States v. Castaneda*, 239 F.3d 978, 981 (9th Cir. 2001).

This victim is not unusually vulnerable because § 2242(2)(B) victims will necessarily be incapacitated. Her vulnerability is already reflected in the offense guideline.

**B.    The PSR correctly applies the three-point reduction for acceptance of responsibility.**

The government appears to object to the final PSR's three-level adjustment for acceptance of responsibility – two levels pursuant to USSG § 3E1.1(a) and a third pursuant to USSG § 3E1.1(b). Any such objection is conditioned on whether Mr. Diaz offers an additional statement accepting responsibility, the tenor and tone of which the government more readily approves.

After being apprised of the government's position relative to acceptance, Mr. Diaz offered a revised acceptance letter that strikes any reference to consent. Thus, both at the change of plea hearing and now at the PSR stage, Mr. Diaz has truthfully admitted the conduct comprising the offense of conviction. That is the core requirement of USSG § 3E1.1(a).

A district court's decision to adjust a defendant's sentence based on acceptance of responsibility is a factual determination reviewed for clear error.

*United States v. Villasenor-Cesar*, 114 F. 3d 970, 973 (9th Cir. 1997). The crux of the determination is whether the defendant is "truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct." USSG § 3E1.1, Application Note 1(A), amended in 1992 by Amendment 459, Appx. C.

Both "genuine contrition" cases cited by the government – *United States v. Rodriguez*, 851 F.3d 931 (9th Cir. 2017) and *United States v. Martinez-Martinez*, 369 F.3d 1076 (9th Cir. 2004) – involved criminal defendants that went to trial. *See* Doc. 36 at 4. Martinez-Martinez went to trial on a charge of attempted illegal re-entry and argued that his self-induced drug intoxication negated the specific intent element of the offense. *Id*. at 1089. Likewise, the *Rodriguez* defendant went to trial and then did not speak at his sentencing hearing nor offer any other statement that demonstrated acceptance of responsibility. *Rodriguez*, 851 F.3d at 949. The Ninth Circuit noted that the Guidelines generally deny the benefit of the acceptance adjustment to a defendant who "puts the government to its burden of proof at trial by denying the essential factual elements of guilt." *Id.*, *quoting* USSG § 3E1.1 cmt. 2. A far cry from what happened here.

Mr. Diaz signed a plea agreement that recited the essential elements of the 18 U.S.C. § 2242(2)(B) Sexual Abuse offense. *See* Doc. 28, ¶ 4. He did so by the plea agreement deadline. Mr. Diaz then waived his right against self-incrimination and

provided an independent basis in fact that satisfied each of the essential elements of the charged offense at the change of plea hearing, a hearing conducted by this Court. Now he has provided letters expressing acceptance of responsibility for the offense. Nothing in the revised letter is inconsistent with the facts necessary to sustain a conviction for the offense.

The final irony is that criminal liability is based primarily on Mr. Diaz's timely statements to the Park Ranger that investigated the offense. As expressed in the Offer of Proof, Mr. Diaz acknowledged that he engaged in sex with Doe and that "… I did it, and I feel bad that I did it." *See* Doc. 30 at 4; *see also* PSR ¶¶ 17-18. Mr. Diaz made these admissions in the absence of any kind of physical or scientific evidence. Unlike *Rodriguez* and *Martinez-Martinez*, Mr. Diaz has not put the government to its burden of proof and has admitted the essential factual elements of guilt.

Mr. Diaz's sworn statements at the change of plea hearing as supplemented by his revised letter of acceptance of responsibility warrant the three-level adjustment.

Mr. Diaz believes that the correct Total Offense Level is 27. With a Criminal History Category of I, the correct Guidelines sentencing range is 70-to-87 months.

**C.   Mr. Diaz has no prior criminal history and maintains steady employment.**

Application of the 18 U.S.C. § 3553(a) sentencing factors indicates that a sentence below the advisory Guidelines sentencing range would be reasonable in this case. Mr. Diaz is 27 years-old. He has never been married. The only prior criminal charge of any kind is related to the instant offense and does not score. PSR ¶¶ 34-41. Other than the events that bring Mr. Diaz before the Court, he has had no contact with law enforcement and no involvement with the criminal justice system.

Mr. Diaz consistently maintains employment as a cook. *See* PSR ¶¶ 57-65. He has been diagnosed with ADHD and struggled in school as a result. PSR ¶ 52. Still, Mr. Diaz obtained his GED and has some college level credit. PSR ¶ 55.

Mr. Diaz suffered physical and emotional abuse at the hands of both his biological father and his stepfather as a child. PSR ¶¶ 43, 45.

## REQUEST FOR SENTENCE AND PLACEMENT

Eduardo Luis Diaz respectfully requests a below-Guidelines sentence. He requests placement at FCI Oxford, Wisconsin in order to remain close to his mother's residence in Chicago, Illinois.

RESPECTFULLY SUBMITTED this 15th day of June, 2021.

                                         EDUARDO LUIS DIAZ

                                         /s/ Andrew Nelson
                                         ANDREW NELSON
                                         Assistant Federal Defender
                                         Federal Defenders of Montana
                                               Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| _____ | Hand Delivery |
| 3 | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. KALAH PAISLEY
   Assistant U.S. Attorney
       Counsel for the United States of America

3. EDUARDO LUIS DIAZ
       Defendant

                                          By: /s/ Andrew Nelson
                                                ANDREW NELSON
                                                Assistant Federal Defender
                                                Federal Defenders of Montana
                                                      Counsel for Defendant